UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| DAVID WAYNE GUILLORY | : | DOCKET NO. 2:07-cv-1683 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| MITCH PELLERIN, ET AL | : | MAGISTRATE JUDGE KAY |

### *REPORT AND RECOMMENDATION*

Before the court is defendant's Motion to Dismiss Professional Medical Supplies, L.L.C. [Doc. 12]. This motion has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed hereinafter, it is recommended that the motion be **GRANTED**.

### PROCEDURAL HISTORY

On May 25, 2007, plaintiff David Wayne Guillory ("Plaintiff") filed a Suit for Redhibition and Damages in the 33rd Judicial District Court, State of Louisiana, Allen Parish. Plaintiff named as defendants Mitchell Pellerin,[1] Professional Medical Supplies, L.L.C. ("PMS"),[2] and Invacare Corporation. On or about October 5, 2007, defendant Invacare removed on the basis of diversity jurisdiction, asserting that defendants Pellerin and PMS were improperly joined.

Defendant PMS filed its motion to dismiss on April 17, 2008, asserting that Plaintiff has never served PMS with the complaint. [Doc 12]. At a hearing on June 27, 2008, the court heard

---

[1] The original complaint listed this defendant as "Mitch Pellerin."
[2] Counsel for defendant contends that Plaintiff erroneously named "Professional Medical Supplies, Inc." as defendant. [Doc. 12, attachment 2].

1

arguments on PMS' motion to dismiss. During the course of the hearing, Plaintiff's counsel conceded that no citation was issued to PMS. However, Plaintiff's counsel argued that by serving Mitchell Pellerin, whom counsel claimed to be "the owner" of PMS, Plaintiff had effectively served PMS itself. In addition, counsel for Plaintiff contended that this court lacks a complete record, asserting that an amended complaint purported to have been filed in state court is missing from the federal record. Regardless of whether those pleadings should be a part of the record before this court, Plaintiff's counsel was unable to provide evidence that either an amended complaint or the original complaint had been served on PMS.

## DISCUSSION

While in state court, Plaintiff failed to have citation issued in the name of PMS as mandated by Louisiana Code of Civil Procedure Article 1201.[3] Once this matter was removed and no service had been effected through state court proceedings, Plaintiff had the opportunity to perfect service of process, or to have new process served in the same manner as in a case originally filed in federal court. 28 U.S.C. § 1448; *Vaughn v. Frame*, 210 F.3d 366, 366 (5th Cir. 2000). Plaintiff has failed to do either.

Federal Rules of Civil Procedure Rule 4(m) provides a 120-day period from the filing of the complaint within which to serve the summons and complaint upon a defendant. If a defendant is not served in the allotted time, the court—on motion or on its own after notice to the plaintiff—"must dismiss the action without prejudice against that defendant or order that service

---

[3] Louisiana Code of Civil Procedure Article 1203 does provide that when one person is the legal representative of several persons made defendant in the same cause, only one citation need be addressed to that person. Nevertheless, it is mandatory that the persons or entities sought to be served be indentified in that citation. La. C.C.P. art. 1201. While citation was issued to Mitchell Pellerin, who is the registered agent for service of process for defendant PMS, there is no record of any citation being issued as to Professional Medical Supplies.

be made within a specified time." FED. R. CIV. P. 4(m). The court must extend the time for service if the plaintiff shows good cause for the failure. *Id*.

It has been over a year since Plaintiff's complaint was filed in state court and approximately nine months since the case was removed. Prior to removal, Plaintiff made no effort to have citation issued to defendant PMS.[4] Although Mitchell Pellerin, in his individual capacity, was served with citation, that citation did not list PMS as defendant. PMS was not separately cited or served. Since the time of removal, Plaintiff has not attempted service under the Federal Rules of Civil Procedure. PMS has not waived service of process or filed a responsive pleading. Defendants have documented their efforts over the past year to contact counsel for Plaintiff to ascertain why service of process was never properly requested for and perfected on PMS. Plaintiff's counsel has been difficult to reach and singularly unresponsive. At hearing, Plaintiff's counsel offered no good cause for his failure to have PMS served. Counsel did suggest that, because he served Mitchell Pellerin, he effectively perfected service of process on PMS. The undersigned does not find this to be good cause.

## CONCLUSION

FRCP 4(m) provides that a court may dismiss without prejudice the cause of action as to a defendant unless the plaintiff shows good cause for the failure to perfect service of process within 120 days from the filing of the complaint. Here, Plaintiff has provided neither justification nor excuse for the year-long failure to serve PMS. Given that Plaintiff has made no effort to correct this deficiency since PMS filed its motion to dismiss more than two months ago, the court finds no purpose in recommending any action other than dismissal without prejudice.

Accordingly,

---

[4] Although the service instructions at the end of the original state court petition includes "Professional Medical Supplies," this mention is inadequate because no address or other contact information is included. [Doc. 5, attachment 1, p.3].

3

**IT IS RECOMMENDED** that the defendant's Motion to Dismiss Professional Medical Supplies, L.L.C. [Doc. 12] be **GRANTED** and that all claims against Professional Medical Supplies, L.L.C. be dismissed **WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 15th day of July, 2008.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE