U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

MAR 11 2009

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| DAVID WAYNE GUILLORY | : | DOCKET NO. 2:07 CV 1683 |
| VS. | : | JUDGE MINALDI |
| MITCH PELLERIN ET AL. | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the Court is a motion for summary judgment, filed by Interstate Fire and Casualty Company (hereinafter "Interstate") [doc. 78]. David Wayne Guillory did not file an Opposition.

A court should grant a motion for summary judgment when the file, including the opposing party's affidavits, demonstrates that "there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The party moving for summary judgment is initially responsible for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that demonstrate the lack of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). "Furthermore, the party moving for summary judgment must 'demonstrate the absence of a genuine issue of material fact,' but need not *negate* the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (quoting *Celotex*, 477 U.S. at 323). "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Id.*

If the movant, however, satisfies this burden, the nonmoving party must then "designate specific facts showing that there is a genuine issue for trial." *Tubacex*, 45 F.3d at 954. In evaluating motions for summary judgment, the court must view all facts in the light most favorable to the

nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Ultimately, a grant of summary judgment is warranted when the record as a whole "could not lead a rational finder of fact to find for the non-moving party..." *Id.*

Interstate is the insurer of former defendants Mitch Pellerin and Professional Medical Supplies (hereinafter "PMS"). PMS was dismissed on December 8, 2008, when this Court issued a Judgment adopting the Magistrate Judge's Report and Recommendation.[1] Mr. Pellerin was dismissed on February 11, 2009, when this Court issued a Judgment adopting the Magistrate Judge's Report and Recommendation.[2] Moreover, the February 11, 2009 Judgment also denied Mr. Guillory's motion to amend/correct complaint to add Interstate as a defendant, [doc. 48], because it would be futile.[3]

Interstate thus moves for summary judgment because there are no remaining claims against its insureds, Mr. Pellerin and PMS, and because this Court denied Mr. Guillory's motion to add Interstate as a defendant. Interstate argues that once the insured is dismissed from a lawsuit, the plaintiff can no longer maintain a suit against the insurer except under the limited circumstances articulated in La. Rev. Stat. Ann. § 22:1269(B)(1).[4] *See White v. State Farm Ins. Co.*, 03-0754 (La. App. 4th Cir. 11/26/03); 862 So.2d 263, 265 (noting that direct actions against insurers are "strictly limited to those five enumerated circumstances, and when the insured is dismissed, there is no direct right of action against the insurer"). A plaintiff may bring a suit against the insurer alone under § 22:1269(B)(1), but only when:

---

[1] Judgment (Dec. 8, 2008) [doc. 64].

[2] Judgment (Feb. 11, 2009) [doc. 98].

[3] *Id.*; *see also* Report & Recommendation (Jan. 20, 2009) [doc. 69].

[4] Louisiana's Direct Action Statute.

2

a) The insured has been adjudged a bankrupt by a court of competent jurisdiction or when proceedings to adjudge an insured a bankrupt have been commenced before a court of competent jurisdiction;

(b) The insured is insolvent;

(c) Service of citation or other process cannot be made on the insured;

(d) When the cause of action is for damages as a result of an offense or quasi-offense between children and their parents or between married persons;

(e) When the insurer is an uninsured motorist carrier; or

(f) The insured is deceased.

Interstate argues that this Court should grant summary judgment in its favor because Mr. Guillory may not maintain suit against Interstate alone since none of these exceptions apply. Mr. Guillory has not filed an Opposition that could create an issue of fact as to whether a direct action may proceed against Interstate. Because both of Interstate's insureds have been dismissed, and because this Court finds that Mr. Guillory may not pursue a direct action against Interstate pursuant to La. Rev. Stat. Ann. § 22:1269(B)(1), Interstate is entitled to judgment as a matter of law; and accordingly,

IT IS ORDERED that Interstate's motion for summary judgment, [doc. 78], is hereby GRANTED, and Mr. Guillory's claims against Interstate are hereby DISMISSED from this lawsuit.

Lake Charles, Louisiana, this _10_ day of _March_, 2009.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

3