RECEIVED
IN LAKE CHARLES, LA

APR 14 2009

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| DAVID WAYNE GUILLORY | : | DOCKET NO. 2:07 CV 1683 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| MITCH PELLERIN ET AL. | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the Court is a motion for partial summary judgment, to dismiss the first and second supplemental and amending petitions for lack of service, and to dismiss certain claims for failure to state a claim upon which relief may be granted, filed by Invacare Corporation (hereinafter "Invacare") [doc. 82]. David Wayne Guillory did not file an Opposition.

## PROCEDURAL HISTORY

Mr. Guillory filed suit in the 33rd JDC on May 31, 2007.[1] Invacare removed the suit to federal court on October 10, 2007.[2] Mr. Guillory, who has spina bifida, is suing for injuries he allegedly sustained after purchasing a pair of Invacare crutches that broke.[3] Mr. Guillory also brought suit against Professional Medical Supplies (hereinafter "PMS"), the supplier of the crutches, and Mitchell Pellerin, the person who sold him the crutches. This Court has since dismissed PMS

---

[1] Compl. [doc. 1-1].

[2] Notice of Removal [doc. 1].

[3] Compl.

and Mr. Pellerin from this suit.[4]

Mr. Guillory brings suit against Invacare pursuant to the Louisiana Products Liability Act (hereinafter "LPLA") and in redhibition.[5] Mr. Guillory alleges that Invacare has not replaced, refunded, or returned the crutches, and that Invacare has concealed or destroyed the crutches.[6] Mr. Guillory also seeks damages on behalf of those similarly situated, as well as attorney's fees.[7]

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the file, including the opposing party's affidavits, demonstrates that "there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The party moving for summary judgment is initially responsible for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that demonstrate the lack of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). "Furthermore, the party moving for summary judgment must 'demonstrate the absence of a genuine issue of material fact,' but need not *negate* the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (quoting *Celotex*, 477 U.S. at 323). "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Id.*

If the movant, however, satisfies this burden, the nonmoving party must then "designate

---

[4] *See* docs. 64 & 98.

[5] Compl.

[6] *Id.* ¶ 15.

[7] *Id.* ¶ 16.

specific facts showing that there is a genuine issue for trial." *Tubacex*, 45 F.3d at 954. In evaluating motions for summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Ultimately, a grant of summary judgment is warranted when the record as a whole "could not lead a rational finder of fact to find for the non-moving party..." *Id.*

## ANALYSIS

### A.) Motion for Partial Summary Judgment

#### 1.) Redhibition

Mr. Guillory asserts a claim for redhibition.[8] Invacare argues that this claim was rendered moot before filing suit because Mr. Guillory returned the crutches in May or June of 2006, and exchanged them for a more expensive pair.[9] Mr. Pellerin, the dealer who sold the crutches to Mr. Guillory, exchanged the broken pair for the more expensive pair and charged the plaintiff only the difference in price.[10] Mr. Guillory presents no evidence to create an issue of fact regarding the exchange.

Although the LPLA is the exclusive theory of liability against manufacturers for damage caused by their products, plaintiffs may still sue manufacturers for redhibition, but may only recover for economic loss. *See, e.g., Grenier v. Medical Engineering Corp.*, 243 F.3d 200, 206 n.5 (5th Cir.

---

[8] Redhibition is "the avoidance of a sale on account of some defect in the product that would render an item useless or so inconvenient to use that it would be presumed that a buyer would not have bought the thing had he known of the defect." *Grenier v. Medical Engineering Corp.*, 243 F.3d 200, 206 n.5 (5th Cir. 2001); *see also* La. Civ. Code art. 2520 (providing that "[t]he existence of such a defect gives a buyer the right to obtain rescission of the sale").

[9] Affidavit of Mitch Pellerin (Oct. 31, 2008) [doc. 63].

[10] *Id.*

3

2001) (noting that the LPLA does not bar redhibition suits, and that the right to sue for "economic loss still exists"); *see also Aucoin v. S. Quality Homes, LLC*, 984 So.2d 685, 691 n.8 (La. 2008) (stating that although the LPLA is the exclusive theory of liability against manufacturers for damages caused to their products, a manufacturer may still be liable for economic damages in redhibition). Pursuant to La. Civ. Code Ann. art. 2545:

> A seller who knows that the thing he sells has a defect but omits to declare it, or a seller who declares that the thing has a quality that he knows it does not have, is liable to the buyer for the return of the price with interest from the time it was paid, for the reimbursement of the reasonable expenses occasioned by the sale and those incurred for the preservation of the thing, and also for damages and reasonable attorney fees. If the use made of the thing, or the fruits it might have yielded, were of some value to the buyer, such a seller may be allowed credit for such use or fruits.

An action in redhibition permits the buyer to "annul the sale and recover the purchase price." *Aucoin*, 984 So.2d at 692. Invacare has demonstrated that Mr. Guillory was permitted to annul the sale and recover the purchase price when he returned the crutches and PMS credited the purchase price toward a new pair of crutches.[11] Mr. Guillory has not refuted Mr. Pellerin's affidavit. Nor has Mr. Guillory proffered any evidence creating a genuine issue of fact as to whether he incurred additional economic damages. Accordingly, Mr. Guillory's redhibition claim shall be dismissed.

### 2.) Claim for Attorney's Fees

Invacare also moves to dismiss claims for attorney's fees. Invacare notes that attorney's fees are recoverable in redhibition, but that the LPLA expressly excludes attorney's fees. *See* La. Rev. Stat. Ann. § 9:2800.52. When a plaintiff sues under the LPLA, attorney's fees may be awarded for

---

[11] Affidavit of Mitch Pellerin (Oct. 31, 2008) [doc. 63].

4

redhibition only:

> [I]nsofar as those fees relate to the recovery of purely economic loss. This is because much of the proof of a "vice" for redhibition recovery overlaps with proof of a defective product for tort purposes. However, courts in such suits should be careful to realistically allocate recovery costs between the personal injury and economic loss portions of the claim.

*De Atley v. Victoria's Secret Catalogue, LLC*, Nos. 2004-C-0661, 2004-C-0662 (La. App. 4 Cir. 05/14/04); 876 So.2d 112, 115 (quoting Frank L. Maraist & Thomas C. Galligan, Jr., *Louisiana Tort Law* § 15-6 (1996)). Damages under the LPLA include pain and suffering, medical expenses, and property damage other than to the product itself. *Id.* at 116 n.2. Damages for economic loss include the cost of the product, and any loss of income resulting from the inability to use the product. *Id.*

Although a plaintiff may recover attorney's fees in redhibition for "economic loss," this Court has dismissed Mr. Guillory's redhibition claim, *supra*. Furthermore, Invacare has demonstrated that Mr. Guillory received a full refund in June 2006, before this suit was filed. Mr. Guillory has not refuted Mr. Pellerin's affidavit that Mr. Guillory received a full refund in the form of a credit towards a new pair of crutches. Therefore, Mr. Guillory was compensated for his economic loss prior to this suit and before any attorney's fees were incurred. The remaining claims in this case pertain to damages under the LPLA, for which attorney's fees are not recoverable. Accordingly, Mr. Guillory's claims for attorney's fees are also dismissed.

### 3.) Spoliation

The plaintiff also alleges spoliation of evidence, asserting that the defendants have refused to return the crutches, and noting that "concealing or destroying the crutches is spoilage under

Louisiana law."[12] Invacare moves to dismiss allegations of spoliation.

Spoliation of evidence is "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Consolidated Aluminum Corp. v. Alcoa, Inc.*, 03-1055, 2006 WL 2583308, *3 (M.D. La. 07/19/06) (quoting *Zubulake v. UBS Warburg, LLC*, 220 F.R.D. 212, 216 (S.D.N.Y 2003)). The Louisiana Supreme Court has not addressed whether Louisiana recognizes an independent tort for the intentional spoliation of evidence. *See Hodges v. Mosaic Fertilizer, LLC*, 289 Fed. Appx. 4, 7 (5th Cir. 2008) (declining to make an "*Erie* guess"). If a trial court finds spoliation occurred, it may exclude such evidence or instruct the jury that spoliation occurred because such evidence was unfavorable to that party. *Consolidated Aluminum*, 2006 WL 2583308, at *3.

In support of its motion for partial summary judgment, Invacare submits an affidavit from Gretchen Schuler, the Director of Litigation Management for Invacare, stating that Invacare received the crutches on June 14, 2008 and they remain in Invacare's custody.[13] Moreover, on January 28, 2009, the Magistrate Judge ordered that the crutches be transferred to Invacare's attorney and be made available for inspection.[14] There is nothing in the Record indicating that Invacare failed to make the broken crutches available for inspection. Accordingly, allegations of spoliation shall be dismissed.

### B.) Motion to dismiss first and second supplemental and amending petitions

---

[12] Compl. ¶ 15.

[13] Def.'s Ex. F [doc. 18].

[14] Order (Jan. 28, 2009) [doc. 74]. The parties were instructed to contact the Magistrate Judge's chambers if there were any problems with inspection. *Id.*

6

The documents attached to the notice of removal include a state court petition, a state court request for admission, a state court citation issued to Invacare, and a state court notice of filing of removal.[15] The removal documents did not include a first or second supplemental and amending petition.[16] Pursuant to the October 17, 2007 Removal Order, within thirty days of removal, the party who removed the action is required to provide a list of all documents in the state court action and certify that the list constitutes the entire state court record. On October 23, 2007, as the removing party, Invacare filed a supplement to the removal notice.[17] This supplement does not include the first and second supplemental and amending petitions. Moreover, Mr. Guillory did not amend the record with certified copies of these pleadings.

Invacare states that it is "indisputable" that Mr. Guillory did not serve Invacare with the first and second supplemental and amending petitions. Mr. Guillory has not filed an opposition, and accordingly, there is no summary judgment evidence that would create a genuine issue of fact as to whether these pleadings were timely served. PMS was dismissed on July 15, 2008 because Mr. Guillory failed to demonstrate that he had ever served PMS with the original or amended complaint.[18] During the hearing on the motion to dismiss PMS, Mr. Guillory's counsel stated that an amended complaint was filed in state court but was missing from the federal record. In the intervening nine months, the plaintiff's attorney has not sought to add the amended complaints to the record. Accordingly, this Court concludes that Invacare has satisfied its summary judgment

---

[15] Notice of Removal [doc. 1].

[16] *Id.*

[17] [doc. 5].

[18] Report and Recommendation (July 15, 2008) [doc. 40].

burden and the first and second supplemental and amending petitions shall be dismissed.

### C.) Motion to dismiss claims on behalf of persons similarly situated pursuant to Rule 12(b)(6)

Lastly, Invacare seeks to dismiss Mr. Guillory's claims "on behalf of all persons similarly situated" pursuant to Fed. R. Civ. P. 12(b)(6). Invacare argues that Mr. Guillory has not sought class certification under Rule 23. Further, Invacare notes that a litigant typically does not have the standing to assert the rights of others.

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) must ordinarily be filed before a responsive pleading is served. If a Rule 12(b)(6) motion is filed after the pleadings are closed and discovery is completed, it shall be treated as a Rule 56(c) motion for summary judgment. Baicker-McKee, Janssen & Corr, *2009 Federal Civil Rules Handbook*, 434. As the moving party, Invacare need not negate Mr. Guillory's claims "on behalf of all persons similarly situated;" Invacare must simply establish there is no genuine issue of material fact. Invacare has satisfied its burden, and Mr. Guillory has failed to create an issue of fact for trial. Mr. Guillory's claims on behalf of those similarly situated shall be dismissed; and accordingly,

IT IS ORDERED that Invacare's motion [doc. 82] is hereby GRANTED.

Lake Charles, Louisiana, this 11 day of April, 2009.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE