RECEIVED
IN LAKE CHARLES, LA
APR 30 2009
par
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| DAVID WAYNE GUILLORY | : | DOCKET NO. 2:07 CV 1683 |
| VS. | : | JUDGE MINALDI |
| MITCH PELLERIN ET AL, | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the Court is a deficient motion for judgment not withstanding the verdict (hereinafter "JNOV") and a motion for a new trial, filed by the plaintiff David Wayne Guillory [doc. 126]. Mr. Guillory filed this motion on April 7, 2009. The motion references Exhibits A, B, C, D; however, no exhibits are attached. A notice of deficient document was sent to Mr. Guillory informing him that the motion required a memorandum in support pursuant to LR 7.4, and giving him ten (10) days in which to submit a corrective document [doc. 127]. The notice also states that motions not corrected within ten days "may be stricken by the court." *Id.* Invacare filed a motion to strike, or alternatively opposition to motion for judgment not withstanding the verdict [doc. 134].

## PROCEDURAL HISTORY

Mr. Guillory filed suit in the 33rd JDC on May 31, 2007.[1] Invacare removed the suit to federal court on October 10, 2007.[2] Mr. Guillory, who has spina bifida, brought suit for injuries he

---

[1] Compl. [doc. 1-1].

[2] Notice of Removal [doc. 1].

1

allegedly sustained after purchasing a pair of Invacare crutches that broke.³ On March 31, 2009, this Court granted Invacare's summary judgment motion and dismissed this lawsuit in its entirety [doc. 118].

### I.) Motion to Strike

Invacare urges this Court to strike the motion for judgment not withstanding the verdict because the notice states that failure to correct within ten days may result in the document being stricken by the court, and because the plaintiff failed to correct the deficiency within ten days of receiving notice. In the alternative, Invacare opposes Mr. Guillory's motion for judgment not withstanding the verdict. This Court shall deny the motion to strike and consider Invacare's arguments in opposition to Mr. Guillory's motion.

### II.) Motion for JNOV, Motion for a New Trial

#### A.) Motion for JNOV

Mr. Guillory does not specify under what federal rule he moves for a JNOV. Pursuant to Fed. R. Civ. P. 50(b),

> If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. No later than 10 days after the entry of judgment--or if the motion addresses a jury issue not decided by a verdict, no later than 10 days after the jury was discharged--the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59. In ruling on the renewed motion, the court may:
>
> **(1)** allow judgment on the verdict, if the jury returned a verdict;
>
> **(2)** order a new trial; or
>
> **(3)** direct the entry of judgment as a matter of law.

---

³ Compl.

2

This Court cannot consider a renewed motion for judgment as a matter of law because such motions may only be considered after a matter was submitted to the jury. This matter was resolved via summary judgment motions, and no jury trial occurred. Accordingly, Mr. Guillory's renewed motion for judgment as a matter of law under Fed. R. Civ. P. 50(b) is hereby denied.

### B.) Motion for a New Trial

Under Fed. R. Civ. P. 59(a),

> (1) *Grounds for New Trial.* The court may, on motion, grant a new trial on all or some of the issues--and to any party--as follows:
> (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court; or
> (B) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.
>
> (2) *Further Action After a Nonjury Trial.* After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.

Although Fed. R. Civ. P. 59(a) does not specify what justifies a new trial, "the Fifth Circuit has held that a new trial may be granted if 'the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course.'" *Moore v. State Farm Mut. Auto. Ins. Co.*, 2008 WL 239832, *3 (E.D. La. Jan. 28, 2008) (quoting *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985)). There has been neither a jury trial nor a nonjury trial in this case. This matter was resolved based upon summary judgment motions. Accordingly, Mr. Guillory's motion for a new trial pursuant to Fed. R. Civ. P. 59(a) is hereby denied.

### C.) Motion to Amend or Alter Judgment

Out of an abundance of caution, this Court deems Mr. Guillory's motion as a motion to alter

3

or amend a judgment pursuant to Fed. R. Civ. P. 59(e). Unlike the relief requested in his motion, a Rule 59(e) motion is the proper vehicle by which to object to this Court's summary judgment rulings dismissing his case. Pursuant to Fed. R. Civ. P. 59(e), litigants may move to alter or amend a judgment, provided such a motion is made "no later than 10 days after the entry of the judgment." Fed. R. Civ. P. 59(e). A motion to alter or amend a judgment is an extraordinary remedy and is seldom granted. *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). A motion to alter or amend a judgment "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised prior to the entry of judgment." *Id.* Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* The Fifth Circuit has "held that an unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." *Id.*

At the outset, this Court notes that Mr. Guillory failed to present an opposition to either of Invacare's two summary judgment motions that resulted in this case's dismissal. In his motion, Mr. Guillory argues that he has new information on three other pairs of aluminum crutches made in China that have broken in the past thirty days, marked Exhibits A, B, and C. These exhibits are not attached to the motion, and therefore do not constitute new evidence.

Second, Mr. Guillory argues that he expects to have new evidence in April because the Spina Bifida Association of America has arranged for him to see a specialist free of charge. The exhibits C and D that purportedly support this claim are not attached. Moreover, this Court does not consider this "new evidence" because these appointments have not yet occurred. Notably, trial in this matter was scheduled for May 11, 2009, and all discovery deadlines have expired. Alternatively, this Court

4

deems any forthcoming medical evidence to be an unexcused failure to present evidence that should have been available at the time of the summary judgment motions. This Court also notes that the plaintiff missed two independent medical evaluation appointments scheduled by defendant Invacare that would also have been "free of charge" to him. This Court granted summary judgment only after the plaintiff missed these two appointments.

Finally, Mr. Guillory argues that his attorney does not have e-mail or a fax machine, and cannot be served electronically. Mr. Guillory argues that this resulted in insufficient service of process, which equates to a failure of due process. Despite the fact that this District utilizes mandatory electronic filing, attorney Carlton Hicks' apparent inability to comply with this requirement prompted the Magistrate Judge to order the Clerk's Office to provide copies of all filings through the United States Postal Service or through private carrier.[4] Any allegations of insufficient service and subsequent failure of due process are without merit; accordingly,

IT IS ORDERED that the motion to strike [doc. 134] is hereby DENIED;

IT IS FURTHER ORDERED that the motion for JNOV and for a new trial, filed by Mr. Guillory [doc. 126], is hereby DENIED.

Lake Charles, Louisiana, this 27 day of April, 2009.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[4] Order (July 2, 2008) [doc. 38].

5